# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-3225

_____

United States of America,

*Plaintiff - Appellee*,

v.

Kenneth R. Friend,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 18, 2020
Filed: March 31, 2021

_____

Before COLLOTON, ARNOLD, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Kenneth Friend appeals an order of the district court[1] denying his motion to suppress evidence obtained through the government's interception of his wire and electronic communications. He argues that the court orders authorizing the interceptions were insufficient on their face, because they allegedly failed to specify the identity of the person who authorized the applications for the orders. We conclude that even if the orders were insufficient, suppression of evidence is not warranted, because investigators reasonably relied in good faith on the court orders. We therefore affirm the judgment.

The appeal arises from a prosecution of Friend for money laundering and conspiracy to distribute methamphetamine. *See* 18 U.S.C. § 1956(a)(1)(A)(i); 21 U.S.C. § 846. During an investigation, federal investigators secured five court orders authorizing the interception of Friend's wire and electronic communications. After a grand jury charged Friend, and the district court denied his motion to suppress all intercepted communications and evidence derived therefrom, Friend entered a conditional guilty plea. He reserved the right to appeal the order denying his motion to suppress. The district court then imposed a sentence of 324 months' imprisonment.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 establishes the procedure for law enforcement to intercept wire, oral, or electronic communications. *See* 18 U.S.C. §§ 2510-2523. The statute provides that an order authorizing the interception of communications "shall specify" several things, including "the identity . . . of the person authorizing the application" for the order. *Id.* § 2518(4)(d). The statute also provides that an aggrieved person "may move to

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

-2-

suppress the contents" of an intercepted communication, "or evidence derived therefrom," if "the order of authorization or approval under which it was intercepted is insufficient on its face." *Id.* § 2518(10)(a)(ii).

Friend's complaint is that the court orders authorizing interception of his communications do not include the name of an official who authorized the applications for the orders. The orders state that the applications were "authorized by a Deputy Assistant Attorney General, Criminal Division of the United States Department of Justice, who has been specially designated by the Attorney General of the United States to exercise power conferred upon him" to authorize an application.

Section 2516(1) provides that applications may be authorized by, among others, "any Deputy Assistant Attorney General . . . in the Criminal Division" of the Department of Justice, if the official has been "specially designated by the Attorney General." In Friend's case, the record shows that one of two Deputy Assistant Attorneys General in the Criminal Division who were so designated by the Attorney General—David Bitkower and Kenneth A. Blanco—approved each application. But although the name of either Bitkower or Blanco was included in each application, the official's name was not specified in the orders entered by the court.

Friend asserts that because § 2518(4)(d) requires an interception order to specify "the identity . . . of the person authorizing the application," the orders must include the name of the authorizing official. As the orders in this case did not do so, he maintains that each order was "insufficient on its face." 18 U.S.C. § 2518(10)(a)(ii). Friend points to the Supreme Court's observation in *Dahda v. United States*, 138 S. Ct. 1491 (2018), that § 2518(10)(a)(ii) "covers at least an order's failure to include information that § 2518(4) specifically requires the order to contain." *Id.* at 1498 (citing § 2518(4)(a)-(e)). He also relies on *United States v. Scurry*, 821 F.3d 1 (D.C. Cir. 2016), where the court held that an interception order was insufficient on its face when it identified the authorizing official as "Deputy

Assistant Attorney General of the Criminal Division," and there were five such officials in the Criminal Division. *See id.* at 8-12.

But even accepting that an order is insufficient on its face if it fails to "specify . . . the identity . . . of the person authorizing the application," it does not necessarily follow that an order must include *the name* of an authorizing official. The D.C. Circuit, for example, concluded that an order is sufficient if it "points unambiguously to a unique qualified officer holding a position that only one individual can occupy at a time." *Id*. at 8-9. On that view, an order may specify the identity of the authorizing person by listing, say, "the Attorney General of the United States" without naming "Merrick Garland," even though a reader must look outside the four corners of the order to discern who was serving in the specified office on the specified date. The Third Circuit likewise concluded that an order was sufficient where it identified the authorizing official as "Assistant Attorney General, Criminal Division, United States Department of Justice." Said the court: "It makes little difference in law that the person authorizing an application for interception was identified by title rather than by name." *United States v. Traitz*, 871 F.2d 368, 379 (3d Cir. 1989).

The Fourth Circuit addressed a related question in *United States v. Brunson*, 968 F.3d 325 (4th Cir. 2020). There, each order identified the authorizing official as "the Deputy Assistant Attorney General of the Criminal Division of the Department of Justice *who signed off on the application* leading to the issuance of the order." *Id*. at 332. The court concluded that the orders were not insufficient on their face because the description led to but one person: a particular Deputy Assistant Attorney General approved the applications, and his name was included in the applications submitted to the district court. Therefore, "both the authorizing judge and Brunson had a description sufficient to readily identify the one official who authorized the application for the order." *Id.* at 333.

The government argues that the orders in this case were sufficient on their face because they, too, included a description that leads to a specific person who authorized the applications. Each order stated that the associated application was "*authorized by a* Deputy Assistant Attorney General, Criminal Division of the United States Department of Justice, who has been specially designated by the Attorney General of the United States to exercise power conferred upon him." *E.g.*, R. Doc. 987-3, at 3 (emphasis added). Each application, in turn, identified by name a specific Deputy Assistant Attorney General as the authorizing official, and attached an order of the Attorney General designating the specified attorney to approve applications. Thus, as in *Brunson*, the authorizing judge and the person subject to interception—by examining the order and the application—could readily identify the official who authorized the application. Friend counters that *Brunson* was wrongly decided, either because an order must include the *name* of an official to "specify" his "identity," or because an order cannot satisfy the statute by identifying the official indirectly through reference to the application. *See Brunson*, 968 F.3d at 339-41 (Motz, J., dissenting).

We need not resolve whether the orders in this case adequately specified the identity of the person authorizing the application. Even assuming for the sake of analysis that the orders were insufficient on their face, suppression of evidence was not warranted. Because the suppression provision, § 2518(10)(a)(ii), is worded to make the suppression decision discretionary, and the "legislative history expresses a clear intent to adopt suppression principles developed in Fourth Amendment cases," this court has ruled that the statute incorporates the good-faith exception to the exclusionary rule adopted in *United States v. Leon*, 468 U.S. 897 (1984). *See United States v. Moore*, 41 F.3d 370, 376 (8th Cir. 1994); *see also United States v. Lomeli*, 676 F.3d 734, 742 (8th Cir. 2012). Under the circumstances here, the investigators acted with an objectively reasonable good faith belief that the court orders were sufficient.

The interception orders in this case were signed between August 26 and November 4, 2014, and each order authorized interceptions for a period of thirty days. As of those dates, at least one circuit had ruled that an order that specified "a duly designated official of the Criminal Division" as the official who authorized the application "did not violate any substantive requirement of Title III." *United States v. Fudge*, 325 F.3d 910, 917-18 (7th Cir. 2003). As discussed, the Fourth Circuit concluded last year that orders similar to those in this case were not insufficient on their face, because they described the authorizing official in a way that allowed for ready identification of a specific person when the orders were considered together with the applications. *Brunson*, 968 F.3d at 332-33. Friend cites no authority as of 2014 holding that a comparable order was insufficient on its face. *Cf. United States v. Gray*, 521 F.3d 514, 526-28 (6th Cir. 2008) (where order identified "no official at all," but record showed that a statutorily designated official gave authorization, the violation was "technical rather than substantive in nature," and did not require suppression); *United States v. Radcliff*, 331 F.3d 1153, 1161-63 (10th Cir. 2003) (concluding that order was insufficient on its face where it "listed by title every Department of Justice official with legal authority to authorize an application," but declining to suppress evidence).

Given the state of the law in 2014, and even today in light of *Brunson*, it was objectively reasonable for investigators to rely on the court orders at issue to intercept Friend's communications. Suppression of evidence is therefore not warranted.

The judgment of the district court is affirmed.

_____